IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL STUDENT LEGAL
DEFENSE NETWORK,
1015 15th Street Northwest, Suite 600
Washington, DC 20005

*Plaintiff,*

v.

UNITED STATES DEPARTMENT OF
EDUCATION,
400 Maryland Avenue Southwest
Washington, DC 20202

*Defendant.*

Case No. _____21-cv-1923_____

**COMPLAINT**

## INTRODUCTION

1. Plaintiff National Student Legal Defense Network ("Student Defense") brings this action against the United States Department of Education ("Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because the Department has failed to comply with the applicable time-limit provisions of FOIA, Student Defense is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff Student Defense is a nonpartisan, non-profit organization incorporated in the District of Columbia. Student Defense's mission is to work, through a variety of means, to advance students' rights to educational opportunity and ensure that higher education provides a launching point for economic mobility. To further its mission, Student Defense gathers information—including through responses to FOIA requests submitted to government agencies—to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6. Defendant United States Department of Education is a department of the executive branch of the United States government headquartered in Washington, D.C. and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of the records that Student Defense seeks.

## STATEMENT OF FACTS

7. The Higher Education Act of 1965, *see generally* 20 U.S.C. § 1001 *et seq.*, ties the eligibility of certain higher education institutions and programs to

whether they prepare students for "gainful employment in a recognized occupation." *Id.* § 1002(b)(1)(A)(i), (c)(1)(A). In 2014, the Department promulgated regulations—known as the Gainful Employment Rule—to define and implement that statutory mandate. *See generally* 34 C.F.R. Part 668, Subpart Q.

8. In 2019, the Department repealed the Gainful Employment Rule in its entirety, a regulatory action that is subject to at least three legal challenges.

9. Prior to its repeal, the Gainful Employment Rule required the Department to submit a list of program completers to the Social Security Administration ("SSA") to obtain earnings data and calculate "Debt to Earnings" or "D/E" rates on an annual basis. *See* 34 C.F.R. § 668.405 (repealed effective July 1, 2020).

10. As noted in an October 18, 2018, letter from five United States Senators to the Department, "[a]greement No. 10012 between the Department and SSA allowed for this [data exchange]. The agreement, however, expired May 24, 2018, before the Department met its legal obligation to produce the latest round of D/E rates."

11. On May 6, 2020, Student Defense submitted a FOIA request to the Department seeking communications between the Department and SSA concerning information or data related to the implementation of the Gainful Employment Rule.

12. Specifically, Student Defense requested that the Department provide:

> A copy of every communication to and from the Social Security Administration ("SSA") or any other federal agency relating to the calculation of debt-to-earnings rates, including any communication to or from the SSA requesting data or information to be used in order to

       calculate debt-to-earnings rates.

       Any communication between the Department and SSA related to Agreement No. 10012, or requesting or providing information to be provided pursuant to Agreement No. 10012.

       Any communication between the Department and SSA related to information or data pertaining to the Gainful Employment regulations.

       Any emails or other documents relating to the expiration of Agreement No. 10012.

13.    Student Defense limited its request to communications sent after January 1, 2017.

14.    The Department assigned the request tracking number 20-015754-F.

15.    On May 8, 2020, the Department sent Student Defense an emailing stating that the status of the request had been updated to "In Process."

16.    On May 19, 2020, the Department granted Student Defense's request for a fee waiver.

17.    On June 22, 2020, the Department sent Student Defense a 20-day notification letter stating that it aimed to complete the request as promptly as possible, but could not provide an estimated completion date.

18.    Student Defense has not received any further communication from the Department regarding its request.

19.    As of the date of this complaint, the Department has failed to: (a) notify Student Defense of any determination regarding its FOIA request, including the scope of any responsive records the Department intends to produce or

withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

20. Through the Department's failure to respond to Student Defense's FOIA request within the time period required by law, Student Defense has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

21. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though set forth fully herein.

22. Student Defense properly requested records within the possession, custody, and control of the Department.

23. The Department is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

24. The Department has failed to promptly review agency records for the purpose of locating those records that are responsive to Student Defense's FOIA request.

25. The Department's failure to conduct an adequate search for responsive records violates FOIA.

26. Student Defense is therefore entitled to injunctive and declaratory relief requiring the Department to promptly make reasonable efforts to search for records responsive to Student Defense's FOIA request.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Responsive Records

27. Student Defense repeats the allegations in the foregoing paragraphs and incorporates them as though set forth fully herein.

28. Student Defense properly requested records within the possession, custody, and control of the Department.

29. The Department is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

30. The Department is wrongfully withholding non-exempt agency records requested by Student Defense by failing to produce non-exempt records responsive to its FOIA request.

31. The Department is wrongfully withholding non-exempt agency records requested by Student Defense by failing to segregate exempt information in otherwise non-exempt records responsive to Student Defense's FOIA request.

32. The Department's failure to provide all non-exempt responsive records violates FOIA.

33. Student Defense is therefore entitled to declaratory and injunctive relief requiring the Department to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Student Defense respectfully requests the Court to:

1. Order the Department to conduct a search or searches reasonably calculated to uncover all records responsive to Student Defense's FOIA request;

2. Order the Department to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Student Defense's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

3. Enjoin the Department from continuing to withhold any and all non-exempt records responsive to Student Defense's FOIA request;

4. Award Student Defense the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant Student Defense such other relief as the Court deems just and proper.

Dated: July 16, 2021                    Respectfully submitted,

                                        */s/ Robyn K. Bitner*
                                        Robyn K. Bitner
                                        D.C. Bar No. 1617036

                                        NATIONAL STUDENT LEGAL
                                        DEFENSE NETWORK
                                        1015 15th Street NW, Suite 600
                                        Washington, DC 20005

(202) 734-7495
robyn@defendstudents.org

*Counsel for Plaintiff Student Defense*